IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:

PURE LAND CO.,                               Case No.: 1:14-BK-01075
                                             Chapter 7

  Debtors.

**MOTION TO SELL REAL ESTATE KNOWN AS 244 W. MAIN STREET, BRIDGEPORT, HARRISON COUNTY, WEST VIRGINIA FOR $230,000 AND NOTICE OF UPSET BID PROCEDURES**

The Trustee moves the Court to enter an Order authorizing the Trustee to sell real property known as 244 W. Main St., Bridgeport, Harrison County, West Virginia pursuant to 11 U.S. 363 and avers as follows:

A. **BACKGROUND**:

   1. That on or about September 30, 2014, Pure Land filed for relief under Chapter 7 of the United States Bankruptcy Code and Aaron C. Amore was appointed Trustee of the above-named Debtor, qualified and is now acting as Trustee.

   2. The Debtor Pure Land Co., owns the real estate known as 244 W. Main St., Bridgeport, Harrison County, West Virginia free and clear of liens or other financial encumbrances.

B. **SALE**

   3. Subject to the Upset Bid Procedures set forth below, The Trustee proposes to sell the Property for Two Hundred and Thirty Thousand Dollars and zero cents ($230,000.00) to Kuzbari Group, LLC, 70 Middletown Road, Fairmont, WV 26554 (the "Buyer"). The Trustee believes that the sales price is fair and reasonable considering the Trustee's estimation as to value. The sale is a cash purchase and the property is sold "as is" subject only to the terms and conditions outlined in the contract for sale. A copy of the signed sales contract is attached as **EXHIBIT A.**

   4. The Buyer is not an insider of the Debtor, and the sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other. The Buyer is purchasing the Property in good faith pursuant to 11 U.S.C. § 363(m).

5. From the sale proceeds, the Trustee proposes to pay the costs of the sale, if any. The Trustee estimates that, after the payment of the costs of sale, if any, adequate net proceeds will be realized from the sale that the Trustee may distribute to pay the costs of administering the estate and/or for the payment of valid claims against the estate pursuant to the priorities set forth in 11 U.S.C. § 726. For this reason, the sale is in the best interest of the debtor, the estate, creditors, and other parties in interest and should be approved.

**C. OBJECTION**

6. Any party that objects to the motion to sell must file a written objection with the Bankruptcy Court, Northern District, P.O. Box 70, Wheeling, WV 26003, the United States Trustee, at 2025 United States Courthouse, 300 Virginia Street East, Charleston, WV 25301, and the Chapter 7 Trustee (address listed below) within the notice period issued by the Bankruptcy Court Clerk. The written objection shall set out the specific grounds for objection. Unless the Court orders otherwise, or unless the Court sets a hearing on this Motion, that objection period is generally 21 days from the filing of this motion pursuant to Fed. R. Bankr. P. 2002(a)(2). The deadlines set forth in this Paragraph concerning objections to a proposed sale supercede those provided in Fed. R. Bankr.P. 6004(b).

**D. UPSET BID PROCEDURES**

7. Any party interested in purchasing the Property (an "Upset Bidder") should file a notice of an upset bid with the Bankruptcy Court and serve the United States Trustee and Chapter 7 Trustee with copies of such notice (at the addresses listed above) within the time set by the Bankruptcy Court Clerk. The Upset Bidder shall submit to the undersigned Trustee an offer, in writing, in an amount equal to the alternative Minimum Bid (defined below), and submit information demonstrating the financial wherewithal of the Upset Bidder to consummate the proposed transaction. The Trustee, in the Trustee's discretion, will determine if the Upset Bidder has submitted a qualified bid based on the terms of the bid, and the Upset Bidder's financial ability to consummate the proposed purchase at the Alternative Minimum Bid price. The deadlines set forth in this Paragraph concerning objections to a proposed sale by an Upset Bidder supercede those provided in Fed. R. Bankr.P. 6004(b).

8. The Alternative Minimum Bid is $250,000.00. Any cash equivalent of this amount will be considered given that such upset bid is of equal or more favorable terms.

9. If a qualified Alternative Minimum Bid is timely received by the Trustee, then the Trustee shall conduct a private auction at a time, place, and manner that is determined by the Trustee. The Trustee will file notice of the auction time and

place with the court. The Trustee will select the bid, or combination of bids, at the conclusion of the auction that the Trustee believes to be the highest or best value for the Property (the "Winning Bidder"). The Trustee reserves the right to select the best bid, even if not the highest bid. The Winning Bidder must complete and sign all agreements or other documents with the Trustee evidencing and containing the terms and conditions on which the winning bid was made before the auction is concluded.

10. If a bidder at the auction objects to the Trustee's selection of the Winning Bidder, then that bidder may submit a bid under protest at the auction and shall have standing to file an objection to sale to contest the Trustee's determination. The objection must be in writing and be filed with the Bankruptcy Court and served on the United States Trustee and Chapter 7 Trustee (at the addresses listed above) within in five (5) days of the Trustee's selection of the Winning Bidder. If an objection to sale is filed, the Bankruptcy Court shall set the objection for hearing.

11. If for any reason the Winning Bidder fails to consummate the sale of the Property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the Winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

12. The Trustee reserves the right to: (1) impose, at or prior to the Auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time prior to or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

**E. RELIEF REQUESTED**

13. WHEREFORE, the Trustee requests:

A. That the Clerk's Office issue a notice to all interested parties of the filing of the Motion to Sell and the Notice of Auction and Bid Procedures pursuant to Fed. R. Bankr. P. 2002(a)(2), (c)(1), (k) and 6004(a).

B. That the Court enter an Order, submitted by the Trustee, in the absence of any timely filed objection to the sale motion, which:

1.  Authorizes the Trustee to sell the Property;

2.        Approves the sale of the Property pursuant to 11 U.S.C. § 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

3.        Approves the payment of sale proceeds to: (1) the costs of sale; (2) the satisfaction of liens in the Property in order of priority (if applicable); (3) the satisfaction of any co-owner's interest (if applicable); (4) the satisfaction of the Debtor's exemptible interest in the property (if applicable); and (5) the Trustee for payment to allowed claims filed in the Debtor's bankruptcy case.

4.        Waiving the 10-day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h);

5.        Requiring the Chapter 7 Trustee to file a final report of sale with the Court in accordance with Fed. R. Bankr. P. 6004(f).

6.        Granting such other relief that the court deems just and proper.

Respectfully submitted:

*/s/ Aaron C. Amore*
Aaron C. Amore, Trustee
WVSB #6455
206 West Liberty Street
P.O. Box 386
Charles Town, WV 25414
(304) 885-4111
aaron@amorelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing **MOTION TO SELL REAL ESTATE KNOWN AS 244 W. MAIN STREET, BRIDGEPORT, HARRISON COUNTY, WEST VIRGINIA FOR $230,000 AND NOTICE OF UPSET BID PROCEDURES** was served electronically (CM/ECF and/or E-mail) on this 17th day of April, 2015 to the following:

Via Email

William C. Brewer     wbrewer@brewerlaw.com

Served electronically by CM/ECF:

- Michael R. Proctor     michael.proctor@dinslaw.com
- Martin P. Sheehan     sheehanparalegal@wvdsl.net, wv05@ecfcbis.com;sheehanassistant@wvdsl.net
- David M. Thomas     david.thomas@dinslaw.com, gatha.mccauley@dinslaw.com
- United States Trustee     ustpregion04.ct.ecf@usdoj.gov
- United States Trustee ustpregion04.ct.ecf@usdoj.gov

*/s/ Aaron C. Amore*
Aaron C. Amore